Mr. Chief Justice Johnson delivered the opinion of the Court. The plea interposed by the defendant in the Court below by admitting the publication of the several words of and concerning the plaintiff as in the declaration mentioned, and then concluding with a prayer of judgment if the said plaintiff ought to have or maintain his aforesaid action, manifestly purports to be an answer to the whole declaration. It was held by the Supreme Court of New York, in the case of Jackson vs. McCloskey, when passing upon a similar plea as follows, to wit: “ Another objection to this plea is, that, although it purports to be an answer to the whole declaration, it is not so in reality. The defendant prays judgment of the whole action, when he has shown no reason whatever why the plaintiff should not have the benefit of his lease from John C. Hallenbrake and his wife. It is a well settled rule that a plea must contain an answer to the whole declaration or all that it assumes to answer.” (11 John. R. 573. 1 Chit. 509.) Mr. Chitty says: “ If a plea begin only as an an swer to part, and is in truth but an answer to part, the plaintiff cannot demur but must take his judgment for the part unanswered, as by nil dicit” But Chief Justice Spencer (20 John. R. 206) has clearly shown that both Mr. Chitty and Sergt. Williams (1 Saund. 28, n. 3) are in error in this particular, and that such a plea must be demurred to. This plea, purporting to answer the whole declaration, but, in fact, being only an answer to one count out of four, is bad. To that plea the Court sustained a demurrer, and gave the defendant below permission to amend on terms. It is stated by the reporter that the latter part of that opinion was pronounced by the Chief Justice in answer to the argument urged on the hearing of the cause by the defendant’s counsel, that, unless the plea had been presented in the form of an answer to the whole declaration, the plaintiff would have been entitled to take judgment by ml dicit. If the plea in this case had been confined in terms to any one count of the declaration and had left the others wholly unanswered, the question might have arisen whether the plaintiff was bound to demur or whether he could have taken judgment as to the unanswered counts as by nil dicit, but when the plea purports, in express terms, to answer the whole declaration as in this case, clearly no such question can possibly arise, in case it can be said to set up any legal defence whatever. The plea here purports to apply to the whole declaration, yet we conceive that it cannot extend beyond the first counts and in case the facts set up be true, and the plaintiff did certify as charged, and that too with a full knowledge of the true state of case, there can be no doubt but that the defendant will stand fully justified. The substance of the charge, made against the plaintiff, and which has been re-affirmed by the plea, is that, as presiding judge of the County Court of Newton county, he did wilfully and knowingly certify a falsehood. See Wyld vs. Cookman, Cro. Eliz. 492. The matter ¡set up in the plea most clearly cannot amount to a justification of the words charged in the 2d count. This count does not contain any thing which could be construed into an imputation against the plaintiff for misconduct whilst acting in the capacity of Presiding Judge of the County Court, and consequently could not be justified by a showing of the facts set up in the plea. If the matter contained in the 2d count imports any official misconduct, it must have reference to his office of Colonel and not that of Judge of the County Court. It is equally clear that the plea is no answer to the Sd count. It simply charges, in general terms, that the defendant charged the plaintiff with being a notorious liar. It would scarcely be contended that the matter set up in the plea, admitting it to be true in every particular, could constitute the plaintiff a notorious liar. It is not common for a party to acquire a notoriety for lying by merely uttering one single falsehood; but, on the contrary, the epithet is usually applied to such characters only as have contracted such a habit of lying as to be generally considered as utterly regardless of the truth. It is not sufficient, to justify a general charge of lying, to repeat the same words in the plea, but it is essential that the particular facts should be set out in order that the plaintiff may be enabled to prepare to meet and disprove them, as he is not presumed to come to the trial prepared to justify his whole life. See 1 Chit. Pl. 240, 516. 11 John. R. 573. Anson vs. Stewart, 1 Term Rep. 748, and Van Ness vs. Hamilton, 19 John. R. 366. The 4th and last count charges that the plaintiff, in his individual character, is a lipr and the certifier of lies, and the justification is that the plaintiff, as Presiding Judge of the County Court of Newton county, did certify a particular falsehood. In. Fysh vs. Thorowgood, (Cro. Eliz. 623,) the plaintiff declared that a commission, issued out of the Exchequer, directed to the plaintiff and one J. S., by force whereof they took and returned the examinations of several witnesses, and thereupon the defendant said that the plaintiff had returned as depositions the examination of divers that were not sworn. The defendant pleaded in bar that .he did return the examination of J. S. who was never sworn. Upon demurrer it was adjudged that this was no good justification in bar, because it is of one witness only, whereas the charge was in the plural number Here, also, the charge is in the plural. He is not only charged in general terms with being a liar, but be is also charged with certifying lies. The matter alleged in the justification, to be true, must, in every respect, corres¡'ond with the imputation complained of in the declaration. There is a manifest variance, therefore, between the charge and the matter set up as a justification, and consequently it is no answer to that count of the declaration. The plea, therefore, professing to answer the whole declara-ration, and in reality-only answering the first count, is, for that reason, demurrable, and consequently the Circuit Court erred in overruling the demurrer interposed by the plaintiff. The judgment of Newton Circuit Court, herein rendered, is, therefore, for the error aforesaid, reversed, annulled, and set aside with the costs, and the cause remanded, with instructions to be proceeded in according to law and not inconsistent with this opinion, and also- that the defendant have permission to file additional pleas if he shall desire to do so.